**COSTELLO & MAINS, P.C.**
By:  Kevin M. Costello
     Deborah L. Mains
18000 Horizon Way, Sutie 800
Mt. Laurel, New Jersey 08054
(856) 751-3737
Attorneys for Plaintiffs

---

| | | |
|---|---|---|
| DAVID ROGERS AND JAMES VAN DANIKER, individually and on behalf of themselves and all others similarly situated, | : : : : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | : : | Civil Action |
| | : | **Electronically filed** |
| vs. | : : | Civil Action No. |
| OCEAN CABLE GROUP INC., AND JOHN DOES 1-5 and 6-10, | : : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : : | |

---

Plaintiffs David Rogers and James Van Daniker ("plaintiffs"), individually and on behalf of themselves and all others similarly situated, by way Complaint against the defendants, say:

### Preliminary Statement

1.     This action is brought by plaintiffs for and on behalf of themselves and other employees similarly situated ("similarly situated employees") to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA").

2.     Plaintiffs seek for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages,

reasonable attorneys' fees, and all other appropriate, legal and equitable relief pursuant to 29 U.S.C. Secs. 216(b) and 217.

## Jurisdiction and Venue

3. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

4. Because defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Parties

5. Plaintiff James Van Daniker resides at 1681 N. Valley Avenue, Vineland, New Jersey 08360. At all pertinent times herein, plaintiff Van Daniker was employed by defendant.

6. Plaintiff David Rogers resides at 38 Navajo Court, Galloway, NJ 08205. At all pertinent times herein, plaintiff Rogers was employed by defendant.

8. Defendant Ocean Cable Group Inc. is a corporation engaged in the business of installing cable television equipment and related equipment in residences throughout New Jersey and portions of Pennsylvania and is an employer within the meaning of 29 U.S.C. Sec 203(d).

9. Defendant Ocean Cable Group Inc. maintains its principal place of business at 112 Woodland Avenue, Suite 202, Somers Point, New Jersey 08244.

10. At all relevant times herein, defendants John Does 1-5 and 6-10, currently unknown are, in the alternative, individuals on the one hand and other business entities on the other, who are liable to the plaintiffs as a result of their own acts or on the basis of *respondeat superior*.

### FLSA Collective Action Averments

11. Plaintiffs allege paragraphs 1 through 10 as though fully set forth herein.

12. The Fair LaborStandards Act specifically contemplates and permits collective actions in which putative "class" members are provided notice of the action and are permitted to opt into the action.

13. All potential collective action plaintiffs are sufficiently similarly situated, within the meaning of the FLSA, to permit efficient adjudication of claims as a collective action.

### General Allegations

14. Plaintiffs and similarly situated employees were employed by defendant as field technicians.

15. Plaintiffs and similarly situated employees installed cable television equipment and services to customers in their homes and/or businesses.

16. Through and including December 2009, plaintiffs and similarly situated employees were paid "piece rate" for the work that they did, depending upon the type of service and/or equipment installed.

17. Through and including December 2009, plaintiffs and similarly situated employees were not paid for any hour worked over 40 and were not paid overtime for any hour worked over 40 in a week.

18. During the entire relevant time period, defendants failed to maintain any formal or consistent system for recording or tracking time worked by field technicians.

19. In or around June 2010, defendant continued to pay field technicians including plaintiffs and similarly situated employees, piece rate but, at that time, began

paying the field technicians for certain hours worked and began paying overtime for hours worked over 40 in a week.

20.     Approximately one month after defendant began paying overtime to field technicians for hours worked over 40 in a week, the technicians were advised by their supervisors that they could no longer record *all* of their time worked.

21.     In or around February of 2010, plaintiff Rogers and similarly situated employees were advised by their supervisors that for time spent in the office in the morning gathering equipment, tools, assignments and traveling to their first field location of the day, only 30 minutes of time could be recorded by the employee.  Plaintiff Rogers and similarly situated employees were also advised that they could only record 30 minutes for time spent returning to the office from the last field location of the day, turning in equipment and turning in necessary and required daily paperwork.  They were further advised that they would not be paid for more than 30 minutes for that time, no matter how much time plaintiff Rogers and other employees actually spent returning to the office and doing the daily paperwork and returning of tools and equipment.

22.     During their employment with defendant, plaintiffs regularly worked more than 40 hours per week but were not paid overtime for all hours worked over 40 during each such week.

23.     Upon information and belief, at all pertinent times herein, other field technicians have regularly worked more than 40 hours per week but have not been paid overtime for all hours worked over 40 for each such week.

## COUNT I

24. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 of the Complaint as if recited at length herein.

25. Plaintiff and similarly situated employees have regularly worked more than 40 hours in a work week.

26. Defendants have failed to pay plaintiff and similarly situated employees overtime for hours worked in excess of 40 in a work week.

27. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

28. Said violations have been willful within the meaning of 20 U.S.C. Sec. 255(a).

29. Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury in monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

30. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendant to make plaintiffs and similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's

violations of the FLSA, together with interest therefrom from the date(s) such wages were due but unpaid;

   (e) directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

   (f) awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b);

   (g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

   31. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 30 of the Complaint as if recited at length herein.

   32. Defendant has failed to keep accurate records of the hours worked by plaintiffs.

   33. Upon information and belief, defendant has failed to keep accurate records of the hours worked by other field technicians.

   34. Defendant, by the above acts, has violated 29 U.S.C. Sec. 211.

   35. Said violations have been willful within the meaning of 29 U.S.C. Sec. 255(a).

   36. Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested here.

   37. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations of the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendant to make plaintiff and similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA, together with interest thereon from the dates such wages were due but unpaid;

(e) directing defendant to pay plaintiff and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiffs the cost of this action together with reasonable attorneys' fees as provided in 29 U.S.C. Sec. 216(b);

(g)  granting such further and other relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**


By: __/s/ Kevin M. Costello_____
  Kevin M. Costello (KC2575)
  Deborah L. Mains (DM9253)

18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-751-3737
856-751-3788 (fax)

Attorneys for Plaintiffs

Dated:  August 16, 2010


**DEMAND FOR A TRIAL BY JURY**

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.